IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY L. MEADOWS,

Plaintiff, No. CIV S-07-0475 GEB GGH P

vs.

PORTER, et al.,

Defendants. FINDINGS & RECOMMENDATIONS

_______________________________/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the September 21, 2007, motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) filed on behalf of defendant Woodford.[1] Defendant Woodford is the Director of the California Department of Corrections and Rehabilitation (CDCR). After carefully considering the record, the court recommends that the motion be granted.

LEGAL STANDARD FOR MOTION TO DISMISS.

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

[1] On September 21, 2007, defendants Davey, Hayes, Just, King, Mason, Minton, Purdy, Walizer and Walker filed an answer to the complaint.

it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

/////

DISCUSSION

This action is proceeding on the amended complaint filed May 1, 2007. Plaintiff alleges that the other defendants subjected him to racial discrimination, excessive force and retaliation. Plaintiff seeks money damages only.

Defendant Woodford moves to dismiss on grounds that the complaint contains no specific allegations against her. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

After reviewing the amended complaint, the court finds that it contains no specific allegations against defendant Woodford.

On October 5, 2007, plaintiff filed an opposition to defendant's motion. On October 9, 2007, plaintiff filed a pleading titled "amended response" which the court construes as supplemental briefing in support of his opposition. Plaintiff argues that defendant Woodford violated his rights by not timely responding to his administrative grievances filed at the Director's Level of Review. Plaintiff also suggests that defendant Woodford is liable for the alleged deprivations of the other defendants because she was put on notice of their conduct by his administrative appeals.

Inmates do not have a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Pursuant to Ramirez and Mann, plaintiff's claim that defendant Woodford violated his rights by not timely responding to grievances does not state a cognizable federal claim.

The court now turns to plaintiff's claim that defendant Woodford is liable for the alleged deprivations by the other defendants based on her review of plaintiff's administrative grievances. Attached to plaintiff's oppositions are copies of 5 Director's Level decisions denying plaintiff's administrative appeals. Four of these appeals contain the signature of N. Grannis, the Chief of the Inmate Appeals Branch for the CDCR. The grievance dated September 27, 2007, is missing the signature page.

Because the Director's Level appeals were denied by N. Grannis, the court cannot find that defendant Woodford is liable for the conduct of the other defendants based on a ratification theory.

Because the amended complaint contains no specific allegations against defendant Woodford, the court recommends that defendant's motion to dismiss be granted. Plaintiff should not be granted leave to amend because his claims against defendant Woodford, as alleged in his

opposition pleadings, do not state cognizable claims.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Woodford's September 21, 2007, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/4/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

mea475.mtd