**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HENRY MEADOWS, | ) | 2:07-cv-00475-HDM-RAM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| PORTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. On July 10, 2009, the court granted in part the defendants' motion for summary judgment and ordered defendants to supplement the record with regard to plaintiff's excessive force claim. Defendants' sole argument is that the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[1]

---

[1] Defendants do not argue that plaintiff has failed to exhaust his administrative remedies, that defendant Hayes (the sole remaining defendant) is protected by qualified immunity, or that there is no triable issue of fact as to whether the force used was excessive.

1

1        On March 7, 2007, defendant Hayes was escorting plaintiff from
2   the law library to his housing unit when an altercation that is the
3   subject of plaintiff's excessive force claim took place.  (*Id.* Ex.
4   F ¶ 3).  According to plaintiff, Hayes had been pulling him along
5   with a tight grip on his left arm.  Plaintiff asked Hayes several
6   times to stop pulling, but he continued, so plaintiff "just
7   stopped."  (*Id.*)  Hayes then allegedly grabbed plaintiff's cuffs
8   from behind, lifted them as high as he could, placed his hand
9   behind plaintiff's neck, and slammed plaintiff headfirst on the
10  concrete. (Pl. Opp'n 7).  The force caused injuries to plaintiff's
11  chin, chest, left temple, and left knee.  (Pl. Opp'n Ex. F; Pl. Am.
12  Compl. 6).  Plaintiff claims he suffered hearing loss as a result
13  and now has to wear hearing aids in both ears.  (*See* Pl. Opp'n Ex.
14  J).
15       According to Hayes, as he was escorting plaintiff, plaintiff
16  was turning around and talking to other inmates.  (Pl. Opp'n to
17  Def. Supp. Ex. B).  Plaintiff then told Hayes to "quit pushing on
18  his arm," and that "[i]f we were out on the street now I would be
19  beating on you."  (*Id.*)  At some point, plaintiff stopped the
20  escort, and asked Hayes whether he was going to physically force
21  him into the cellblock.  (*Id.*)  Plaintiff then pulled away from
22  Hayes, bent at his waist, and swung back as if to strike Hayes with
23  his head.  (*Id.*)  Hayes blocked plaintiff by placing his left
24  forearm on the back of plaintiff's neck.  (*Id.*)  He then forced
25  plaintiff face down on the ground by pulling on plaintiff's left
26  arm and pushing.  (*Id.*)  Once plaintiff was on the ground, Hayes
27  pinned him there by placing his right knee on the small of
28  plaintiff's back and pushing plaintiff's left shoulder with both

hands. (Pl. Opp'n Ex. F). Another officer arrived and placed plaintiff in leg restraints.[2] (Pl. Opp'n to Def. Supp. Ex. B; Def. Supp. Ex. A).

Pscyh Tech C. Ernstan, who witnessed the incident, stated that he heard plaintiff talking loudly, in a forceful and threatening manner, and that he saw plaintiff gesturing with his upper body and head by pushing toward Hayes' body. (Def. Supp. Ex. A). Hayes asked plaintiff to continue walking, which plaintiff refused to do. Instead, he "escalated his threats toward Officer Hayes" and then pushed his upper torso toward Hayes, at which point Hayes took him down. (*Id.*) Officer G. Moreno, who also witnessed the incident, stated that as plaintiff was being escorted he was argumentative and threatening toward Hayes, and then he stopped. (Pl. Opp'n to Def. Supp. Ex. G). When Hayes told him to keep walking, plaintiff pulled away, bent at his waist, and then swung back as if to hit Hayes with his head. (*Id.*)

On the basis of this incident plaintiff was issued a Rules Violation Report ("RVR") for attempted battery on a peace officer. (*See* Pl. Opp'n Ex. E; Def. Mot. S.J. 5; *id.* Ex. F ¶ 5). Plaintiff was found guilty under the RVR of attempted battery and penalized with the loss of 150 days loss of credit forfeiture. (Def. Supp. Exs. A & B).[3]

Defendants argue that because plaintiff was assessed 150 days loss of credit forfeiture for the incident on which his excessive

---

[2] Plaintiff disputes this, arguing that he was already in leg restraints at the time the altercation ensued. (Pl. Opp'n 8).

[3] The Investigation Services Unit declined to prosecute the charge. (Pl. Opp'n Ex. F).

3

force claim is based, such claim is barred.  They argue that plaintiff's allegations, if proven true, would necessarily imply the invalidity of the adjudication of the RVR and resultant deprivation of good-time credits, and that therefore his claim is not cognizable under 42 U.S.C. § 1983.

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[4]  *Heck v. Humphrey*, 512 U.S. 477, 487 (1983).  Thus, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."  *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). But if the "action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit."  *Id.*  "In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'"  *Cunningham v. Gates*, 312 F.3d 1148, 1153-54 (9th Cir. 2002).

Plaintiff was charged with and found guilty of attempted battery under Cal. Code Regs., tit. 15, § 3005(d).[5]  Section 3005(d)(1) states: "Inmates shall not willfully commit or assist

---

[4] This includes prison disciplinary board findings.  *See Edwards v. Balisok*, 520 U.S. 641 (1997).

[5] At the time plaintiff was charged, the statute was numbered Cal. Code Regs., tit. 15 § 3005(c).

4

another person in the commission of assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person." The elements of "attempted battery," then, are that the plaintiff (1) willfully (2) attempted (3) the use of force or violence (3) upon another person. A finding that Hayes responded to the attempted battery with excessive force would not negate any of the elements of attempted battery. And although the two incidents are closely related and occurred one right after the other, they are separate and distinct events. Plaintiff's crime, attempted battery, was complete at the moment he swung back to hit Hayes. Hayes' response occurred subsequent to the attempt. Accordingly, plaintiff's claim is not *Heck*-barred.[6]

At trial, the court will instruct the jury in accordance with *Heck v. Humphrey* that the parties are bound as to the finding by the prison disciplinary board that plaintiff attempted to batter defendant Hayes. Plaintiff will not be permitted to relitigate

---

[6] Such a conclusion is supported by the Seventh Circuit case *Gilbert v. Cook*, 512 F.3d 899 (7th Cir. 2008). In *Gilbert*, a prisoner asserted an excessive force claim against prison guards. The prisoner claimed that while the guards were escorting him, cuffed and shackled, they tripped him, and then continued their assault after placing him in his cell by wrenching his arm through the chuckhole and dislocating his shoulder. The disciplinary board found that plaintiff punched one of the guards while they were removing his cuffs through the chuckhole; the plaintiff denied punching anyone. *Id*. at 900-01. The Seventh Circuit held that the claim was not barred by *Heck* despite the disciplinary board's finding. In so holding, the court stated: "A contention that a guard struck back after being hit is compatible with *Heck*. Otherwise guards . . . could maul anyone who strikes them, without risk of civil liability as long as the private party is punished by criminal prosecution or prison discipline for the initial wrong." *Id*. at 901. Further, "*Heck* . . . [does] not affect litigation about what happens after the crime is completed. Public officials who use force reasonably necessary to subdue an aggressor are not liable on the merits; but *whether* the force was reasonable is a question that may be litigated without transgressing *Heck*." *Id.* (emphasis original).

5

that issue. The sole issue for determination by the trier of fact then will be whether Hayes' actions in response to plaintiff's attempted battery violated plaintiff's Eighth Amendment rights.

Accordingly, the defendants' motion for summary judgment on plaintiff's excessive force claim (#79) is DENIED.

**IT IS SO ORDERED**.

DATED: This 1st day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE